UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL GUERRERO-CHAVEZ,<br>　　　　Plaintiff,<br>　　v.<br>FORD MOTOR COMPANY,<br>　　　　Defendant. | Case No. 23-cv-06317-BLF<br><br>**ORDER DENYING MOTION TO REMAND**<br>[Re: ECF No. 12] |

Before the Court is Plaintiff Manuel Guerrero-Chavez's motion to remand this case to state court. ECF No. 12 ("Mot."). Defendant Ford Motor Company opposes the motion. ECF No. 14 ("Opp."). Plaintiff did not file a reply. The Court finds the motion appropriate for disposition without oral argument, and hereby VACATES the hearing scheduled for June 27, 2024. *See* Civ. L.R. 7-1(b).

For the reasons below, the Court DENIES Plaintiff's motion.

**I.　BACKGROUND**

On May 7, 2022, Plaintiff purchased a 2022 Ford F-150 ("Vehicle"). ECF No. 1-4 ("Compl") ¶ 5. Since purchase, Plaintiff has presented the Vehicle to a Ford-authorized service and repair facility three times for various defects and malfunctions. *Id.* ¶¶ 10–11. On October 13, 2023, Plaintiff filed a lawsuit in the Santa Clara County Superior Court, alleging causes of action for breach of implied warranty of merchantability and breach of express warranty under the Song-Beverly Act. *See id.* ¶¶ 15–35. Among other remedies, the Complaint requests the civil penalty "as provided in The Song-Beverly Act, in an amount not to exceed two times the amount of Plaintiff's actual damages" and attorneys' fees. *Id.* at Prayer for Relief. On December 6, 2023, Ford removed this case to federal court based on diversity jurisdiction. ECF No. 1 ("Notice of

Removal").

## II. LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). "The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). A party who contests removal may file a motion to remand. *See* 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *Id.* "[T]he burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate." *Kuxhausen*, 707 F.3d at 1141.

## III. DISCUSSION

Plaintiff raises three arguments for remand: (1) the amount in controversy is speculative; (2) comity principles weigh in favor of remand; and (3) Ford has failed to show that complete diversity exists. The Court will address each argument in turn.

### A. Amount in Controversy

Plaintiff argues that Ford has not met its burden to show that the amount in controversy exceeds $75,000 because his damages are too speculative. Mot. at 6–7. Plaintiff argues that although he purchased the Vehicle for $90,783.44,[1] the Song-Beverly Act requires an offset for reduction in value "directly attributable to use by the buyer." *Id.* (quoting Cal. Civ. Code § 1793.2(d)(2)(B)-(C)). Plaintiff further argues that any amount of attorney's fees is too speculative. *Id.* at 7. Ford argues that the amount in controversy is established not by consideration of the likelihood of an award by what Plaintiff demands in his Complaint, and that Plaintiff has requested a civil penalty and attorney's fees under the Song Beverly Act, which combined exceed $75,000. Opp. at 4–9.

"The district courts shall have original jurisdiction of all civil actions where the matter in

---

[1] Ford's notice of removal asserted that Plaintiff purchased the Vehicle for $84,611.44 because Ford did not include finance charges. *See* Opp. at 4.

1  controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
2  . . . citizens of different states." 28 U.S.C.A. § 1332(a)(1). "The amount in controversy may
3  include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an
4  injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Chavez v. JPMorgan*
5  *Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores,*
6  *LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). The Ninth Circuit has clarified that "[t]he amount in
7  controversy is 'not a prospective assessment of [a] defendant's liability.' Rather, it is the 'amount
8  at stake in the underlying litigation.'" *Id.* at 417 (alteration in original) (first quoting *Lewis v.*
9  *Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); then quoting *Gonzales*, 840 F.3d at
10 648–49).

11 The Court finds that the amount in controversy is easily met in this case. Although
12 Plaintiff did not plead the actual amount he paid for the Vehicle, Plaintiff has conceded that he
13 purchased the Vehicle for $90,783.44. *See* Mot. at 6; *see also* ECF No. 12-1 (a copy of Plaintiff's
14 Retail Installment Sale Contract, listing the total sale price as $90,783.44). Although Plaintiff
15 argues that the amount in controversy should be reduced by the statutory use offset, courts may
16 not consider affirmative defenses, counterclaims, and potential offsets when calculating the
17 amount in controversy. *See Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014
18 WL 2468344, at *3 (C.D. Cal. May 30, 2014). In addition, Plaintiff requests a civil penalty and
19 attorney's fees. The civil penalty under the Song-Beverly Act is twice actual damages. Cal. Civ.
20 Code § 1794(c). On attorney's fees, Ford has produced evidence showing that it is common for
21 attorney's fees in similar Song-Beverly Act cases to exceed $35,000. *See* ECF No. 14-2 ¶ 6; *see*
22 *also Cotoc v. Dolex Dollar Express, Inc.*, No. LA CV20-06066 JAK (MAAx), 2021 WL 3783581, at
23 *6 (C.D. Cal. Aug. 25, 2021) ("In calculating the amount in controversy, a court must include a
24 reasonable amount of a potential award of attorney's fees to a plaintiff, if such an award is permitted
25 under the statutory or common law basis for a plaintiff's claims.") (citing *Fritsch v. Swift Transp. Co.*
26 *of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)). Plaintiff has not filed a reply to dispute Ford's
27 evidence. Thus, Plaintiff has put at stake an award of $216,566.88.
28 To the extent that Plaintiff argues that Ford must show that "a jury is likely to award a

1 significant civil penalty," Mot. at 6, this position is at odds with Ninth Circuit precedent, which
2 states that Courts are not to make a prospective assessment of the defendant's liability. *See Lewis*,
3 627 F.3d at 400.

4     Accordingly, the Court finds that Ford has met its burden to show that the amount in
5 controversy exceeds $75,000.

6     **B.**     **Comity**

7     Plaintiff argues that the Court should decline to exercise jurisdiction under principles of
8 comity. Mot. at 8–11. In essence, Plaintiff argues that the case should be remanded because the
9 case includes only state law causes of action. *See id.*

10     This Court, however, has a "virtually unflagging obligation . . . to exercise the jurisdiction
11 given [to it]." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817
12 (1976). "[C]ourts at every level of the federal judiciary have rejected the precise premise on
13 which Plaintiffs' 'comity' argument is based: that a court has authority to decline to exercise
14 diversity jurisdiction." *Bratton v. FCA US LLC*, No. 17-CV-01458-JSW, 2017 WL 11687946, at
15 *8 (N.D. Cal. June 22, 2017) (collecting cases).

16     Accordingly, the Court does not have authority to decline to exercise diversity jurisdiction
17 over this case and rejects Plaintiff's comity-based argument.

18     **C.**     **Diversity of Parties**

19     Plaintiff argues that Ford has failed to establish diversity of citizenship because Ford has
20 failed to produce sufficient evidence of his domicile. Mot. at 11. Ford argues that Plaintiff is a
21 resident of San Jose, California and points to evidence including the Retail Installment Sale
22 Contract, repair orders, and the Vehicle's Carfax. Opp. at 9–10.

23     "It is a longstanding principle that '[t]he place where a person lives is taken to be his
24 domicile until facts adduced establish the contrary.'" *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d
25 606, 614 (9th Cir. 2016) (alteration in original) (quoting *Anderson v. Watts*, 138 U.S. 694, 706
26 (1891)). "Courts within this district have . . . found that diversity jurisdiction exists based on
27 assertions of residence, absent evidence about domicile to the contrary." *Ervin v. Ballard Marine*
28 *Constr., Inc.*, No. 16-CV-02931-WHO, 2016 WL 4239710, at *3 (N.D. Cal. Aug. 11, 2016)

4

(collecting cases).

The Court finds that Ford has met its burden to show that the exercise of federal jurisdiction is appropriate. Ford has presented evidence that Plaintiff lives in San Jose, California. *See* ECF No. 14-1 Ex. B (the Retail Installment Sale Contract for the Vehicle listing Plaintiff's address in San Jose, California); ECF No. 14-1 Ex. E (repair orders for the vehicle listing Plaintiff's address in San Jose, California); *see also* ECF No. 14-1 Ex. C (the Carfax for the Vehicle stating that the Vehicle was owned and serviced in California). Ford has also presented evidence that its state of incorporation is Delaware and its principal place of business is in Michigan. *See* ECF No. 14-1 Ex. D (Ford's Form 10-K for FY 2022). Plaintiff has not filed a reply to contest any of this evidence.

Accordingly, the Court finds that Ford has met its burden to show that diversity of citizenship exists.

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Manuel Guerrero-Chavez's motion to remand (ECF No. 12) is DENIED.

Dated: March 4, 2024

_____
BETH LABSON FREEMAN
United States District Judge